[Crim. No. 8413.   Second Dist., Div. Four.   Nov. 30, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. WILLIE
ROBINSON, Defendant and Appellant.

Willie Robinson, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

BURKE, P. J.—A jury returned a verdict in consolidated
informations finding defendant guilty of two counts of armed
robbery of the first degree in violation of section 211 Penal
Code.  Three prior convictions were charged against defendant
as follows: forgery, a felony, in January of 1948; robbery,
assault with a deadly weapon, and violation of section 503
Vehicle Code, felonies, in April of 1948; and attempted rob-
bery, a felony, in September of 1953, for each of which
offenses defendant served a term of imprisonment in a state
prison.  Defendant entered a plea of not guilty and denied
the prior convictions.  Out of the presence of the jury defend-
ant subsequently admitted the truth of the priors alleged.
Defendant was represented by the Los Angeles County Public
Defender.   He did not testify in his own behalf.   At the
conclusion of the trial defendant waived time for sentence and
requested that he be sentenced immediately.  He was sentenced
to state prison for the term prescribed by law on each count
with the sentences to run concurrently with each other and
concurrently with unexpired parole time.

Defendant gave notice of appeal in propria persona and requested augmentation of the record on appeal to include the proceedings on *voir dire* in selection of a jury, the opening statement of the district attorney, the arguments of counsel to the jury, instructions as read by the court and the proceedings at the time of sentence, which was granted.

Defendant made application to this court for appointment of counsel to assist him on the appeal. The court considered such application and having made an independent investigation of the record determined it would be neither advantageous to defendant nor helpful to this court to have counsel appointed. The application was denied and defendant was granted additional time within which to file his opening brief. No brief has been filed.

[■ Defendant was identified by the three victims of the two armed robberies with which he was charged and convicted.

Defendant called as a witness in his own behalf LaMonte Carter who had been identified by victims of the first robbery as being the man who participated in the robbery with defendant. Carter was returned from prison to testify and he acknowledged that he had participated in the robbery and had been armed. When asked if he knew the defendant he stated, "Well, I would rather say that I know of him. The relationship that I have had with him has been periodic, you know, through a number of years, but I wouldn't say that I know him definitely." He denied categorically that Robinson participated in the robberies with him. A police officer testified in rebuttal that Carter did identify a photograph of defendant and acknowledged him to have been his partner on certain robberies. Further, that Carter said that he would make the written statement concerning the robberies only if he did not have to refer to Robinson by name; that the police would probably catch Robinson anyway; that he would have to "walk the yard" with him in prison and that was the reason why he did not want to "put the jacket on Robinson." Carter had denied making these statements to the officer.

The public defender cross-examined the victims extensively on the subject of identification of defendant and while minor discrepancies were argued to the jury it is apparent that the jury believed the victims.

At one stage of the trial in the absence of the jury the public defender advised the court that the defendant had indicated to him that he felt he was not receiving a fair trial and that he wanted to have a new and different public de-

fender to represent him; that defendant gave as his reason that the public defender did not ask certain questions of the witnesses that he thought should be asked. The court then discussed the matter of representation directly with defendant in open court, advised him that he was being well represented by competent counsel and that defendant should rely upon his counsel as to what questions should be asked of the witnesses. At the conclusion the defendant advised the court that "since we proceeded this far, I guess I might just as well retain him" and that he would "continue with" the public defender. A reading of the transcript indicates that defendant was well represented. There was positive identification of defendant as to both robberies. ▮ "To entitle a reviewing court to set aside a jury's finding of guilt, the evidence of identity must be so weak as to constitute practically no evidence at all. [Citations.]" (*People* v. *Braun*, 14 Cal.2d 1, 5 [92 P.2d 402].)

The evidence was abundant and overwhelming and we find no error in the trial. The appeal is entirely without merit.

Judgment affirmed.

Jefferson, J., and Ford, J.,* concurred.

---

*Assigned by Chairman of Judicial Council.